MORRISON v. ANTOINE

———

(October 21, 1929. Opinion and Decree)
(November 18, 1929. Rehearing Refused.)
(January 7, 1930. Writ of Certiorari and Review Refused by Supreme Court.)

———

Eug. Thorpe, of New Orleans, attorney for plaintiff, appellee.

Ernest J. Robin, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. Plaintiff, an attorney at law, sues defendant, a former client, for a fee earned under an alleged oral contract, whereby plaintiff was to receive a contingent fee of 20 per cent of any and all amounts collected by him, amicably or by

suit, for defendant's account, on all claims placed in his hands for collection.

Defendant admits the agreement and its terms, but denies liability, on the ground that the particular claim in question was placed in plaintiff's hands for the purpose of drawing up a contract of assignment between himself and his debtor, but not for the purpose of collection.

There was judgment in favor of plaintiff for the sum of $750, and defendant appeals.

Defendant placed in plaintiff's hands a number of claims for collection on a 20 per cent. contingent fee basis. Some of these claims resulted in litigation, and some were settled amicably. The claim in question, amounting to $14,000, was somewhat involved, and was outstanding for over two years. We are convinced that the prospects of collecting it were not bright. Plaintiff, as the attorney for defendant, negotiated a contract of assignment, whereby plaintiff was to recover $5,000 worth of merchandise in full settlement of the claim. The record shows that the recovery of the merchandise was the result of the efforts of plaintiff. After making demand by letter, he drew up the necessary petition to enter suit against the debtor, and the defendant signed the petition and furnished the sum of $50 for costs of court for the purpose of entering the suit. It was only after this action was taken that the assignment was finally signed by the debtor. We are also convinced that defendant felt that the claim of plaintiff for his fee properly came under the contract, because defendant paid plaintiff the sum of $250 on account of the fee, and in a letter promised to pay the balance as soon as collections were better. The contract of assignment was a very short document, and, if defendant were only paying an attorney's fee for its prep-

aration, the sum of $25 would have been entirely adequate. The amount of merchandise recovered was $5,000, and 20 per cent contingent attorney's fee would be $1,000, and defendant, having paid $250, left a balance due plaintiff of $750.

For the reasons assigned, the judgment of the district court is affirmed, at appellant's cost.